UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

EGOR BUDILOVSKIY,

    Plaintiff,

v.

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, EGOR BUDILOVSKIY ("BUDILOVSKIY"), by and through his undersigned counsel, hereby sues THE LINCOLN NATIONAL LIFE INSURANCE COMPANY ("LINCOLN NATIONAL"), and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. BUDILOVSKIY brings this action to recover long-term disability ("LTD") benefits due to him under the terms of an employee welfare benefit plan, to enforce his rights under the plan and to clarify his rights to benefits under the terms of plan.

2. BUDILOVSKIY was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. LINCOLN NATIONAL is a corporation with its principal place of business in the State of Indiana, authorized to transact and is transacting business in the Southern District of Florida and can be found in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, LINCOLN NATIONAL, is authorized to and is doing business within the Southern District of Florida.

## FACTUAL ALLEGATIONS

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to BUDILOVSKIY by LINCOLN NATIONAL.

6. BUDILOVSKIY was at all times material an employee of ECOM Atlantic, Inc. ("ECOM").

7. BUDILOVSKIY was at all times material a plan participant under the ECOM Atlantic, Inc. Long Term Disability Plan, (the "LTD Plan") which is established by ECOM and pursuant to which BUDILOVSKIY is entitled to benefits.

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. LINCOLN NATIONAL is the insurer of benefits under the LTD Plan and was appointed by ECOM, the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

10. As the decision maker and payor of plan benefits, LINCOLN NATIONAL administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, LINCOLN NATIONAL is not entitled to a deferential standard

of review.

11. LINCOLN NATIONAL is the Fiduciary charged with making benefit determinations under the LTD Plan, including the determinations made on BUDILOVSKIY'S claim at issue.

12. Pursuant to the terms and conditions of the LTD Plan, BUDILOVSKIY is entitled to LTD benefits for the duration of his disability, for so long as he remains disabled as required under the terms of the LTD Plan.

13. According to the LTD Plan,

    **TOTAL DISABILITY or TOTALLY DISABLED** will be defined as follows.

    1. During the Elimination Period and Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of his or her Own Occupation.
    2. After the Own Occupation Period, it means that due to an Injury or Sickness the Insured Employee is unable to perform each of the Main Duties of any occupation which his or her training, education or experience will reasonably allow.

    Elimination Period: 90 calendar days of Disability caused by the same or a related Sickness or Injury, which must be accumulated within a 180 calendar day period.

    BENEFIT. The company will pay a Total Disability Monthly Benefit to an Insured Employee, after the completion of the Elimination Period, if he or she:
    1.    Is Totally Disabled;
    2.    Becomes Disabled while insured for this benefit;
    3.    Is under the Regular Care of a Physician; and
    4.    At his or her own expense, submits proof of continued Total Disability and Physician's care to the Company upon request.

14. At all relevant times, BUDILOVSKIY has complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

15. Since approximately March 19, 2011, BUDILOVSKIY has been totally disabled under the terms of the LTD Plan.

3

16. Since on or about March 19, 2011, due to his disability, BUDILOVSKIY has been unable to perform each of the main duties of any occupation which his or her training, education or experience will reasonably allow.

17. At all relevant times, BUDILOVSKIY has been under the regular care of a physician.

18. Upon LINCOLN NATIONAL'S request and at his own expense, BUDILOVSKIY has submitted proof of total disability to LINCOLN NATIONAL.

19. At all relevant times, BUDILOVSKIY was a Covered Person under the LTD Plan.

20. Shortly after becoming disabled under the terms of the plan, BUDILOVSKIY made a claim to LINCOLN NATIONAL for disability benefits.

21. By letter dated July 20, 2011, LINCOLN NATIONAL denied BUDILOVSKIY'S claim contending BUDILOVSKIY was not disabled.

22. BUDILOVSKIY properly appealed LINCOLN NATIONAL'S adverse determination by letter dated August 3, 2011.

23. In a letter dated October 6, 2011 LINCOLN NATIONAL affirmed its adverse determination.

24. By letter dated March 20, 2012, BUDILOVSKIY, through the undersigned counsel, submitted a voluntary appeal of LINCOLN NATIONAL'S October 6, 2011 decision.

25. In a letter dated June 29, 2012, LINCOLN NATIONAL affirmed its adverse determination and informed BUDILOVSKIY that no further appeals would be considered.

26. According to the terms of the Plan, BUDILOVSKIY has a right to benefits beginning June 17, 2011.

27. From June 17, 2011 to the present date, BUDILOVSKIY has not received benefits owed

to him under the LTD Plan, despite BUDILOVSKIY'S right to these benefits.

28. LINCOLN NATIONAL has refused to pay BUDILOVSKIY LTD benefits since June 17, 2011.

29. At all relevant times, LINCOLN NATIONAL was the payor of benefits.

30. At all relevant times, LINCOLN NATIONAL was the "Insurance Company" identified throughout the LTD Plan.

31. At all relevant times, LINCOLN NATIONAL was appointed by ECOM, the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

32. At all relevant times, BUDILOVSKIY has been and remains Disabled and entitled to LTD benefits from LINCOLN NATIONAL under the terms of the LTD Plan.

33. BUDILOVSKIY has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney fee.

## CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)

34. BUDILOVSKIY incorporates Paragraphs 1 through 33 as if fully set forth herein.

35. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B).

36. Pursuant to 29 U.S.C. §1132(a)(1)(B), BUDILOVSKIY, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

37. BUDILOVSKIY has no other adequate remedy at law to address the injuries he has suffered and will continue to suffer as a result of LINCOLN NATIONAL'S failure to pay him disability benefits.

38. BUDILOVSKIY has exhausted all administrative remedies under the LTD Plan.

39. Defendant breached the LTD Plan and violated ERISA in the following respects:

    (a) Failing to pay LTD benefit payments to BUDILOVSKIY at a time when LINCOLN NATIONAL knew, or should have known, that BUDILOVSKIY was entitled to those benefits under the terms of the LTD Plan, as BUDILOVSKIY was disabled and unable to work and therefore entitled to benefits.

    (b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of BUDILOVSKIY'S claim for LTD benefits;

    (c) After BUDILOVSKIY'S claim was terminated in whole or in part, LINCOLN NATIONAL failed to adequately describe to BUDILOVSKIY any additional material or information necessary for BUDILOVSKIY to perfect his claim along with an explanation of why such material is or was necessary.

    (d) LINCOLN NATIONAL failed to properly and adequately investigate the merits of BUDILOVSKIY'S disability claim and failed to provide a full and fair review of BUDILOVSKIY'S claim.

40. BUDILOVSKIY believes and thereon alleges that LINCOLN NATIONAL wrongfully terminated his claim for disability benefits under the LTD Plan by other acts or omissions

      of which BUDILOVSKIY is presently unaware, but which may be discovered in this future litigation and which BUDILOVSKIY will immediately make LINCOLN NATIONAL aware of once said acts or omissions are discovered by BUDILOVSKIY.

41. Following the termination of benefits under the LTD Plan, BUDILOVSKIY exhausted all administrative remedies required under ERISA, and BUDILOVSKIY has performed all duties and obligations on his part to be performed under the LTD Plan.

42. As a proximate result of the aforementioned wrongful conduct of LINCOLN NATIONAL, BUDILOVSKIY has damages for loss of disability benefits in a total sum to be shown at the time of trial.

43. As a further direct and proximate result of this improper determination regarding BUDILOVSKIY'S claim for benefits, BUDILOVSKIY, in pursuing this action, has been required to incur attorneys' costs and fees.  Pursuant to 29 U.S.C. § 1132(g)(1), BUDILOVSKIY is entitled to have such fees and costs paid by LINCOLN NATIONAL.

44. The wrongful conduct of LINCOLN NATIONAL has created uncertainty where none should exist, therefore, BUDILOVSKIY is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the terms of the LTD Plan.

### REQUEST FOR RELIEF

WHEREFORE, EGOR BUDILOVSKIY prays for relief against THE LINCOLN NATIONAL LIFE INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to

continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: January 3, 2013

> ATTORNEYS DELL AND SCHAEFER, CHARTERED
> Attorneys for Plaintiff
> 2404 Hollywood Boulevard
> Hollywood, FL 33020
> (954) 620-8300
>
> *S/ Alexander A. Palamara*
> ALEXANDER A. PALAMARA, ESQUIRE
> Florida Bar No: 0037170
> Email: alex@diattorney.com
> GREGORY MICHAEL DELL, ESQUIRE
> Florida Bar No: 299560
> Email: gdell@diattorney.com